**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

_____

| | |
|---|---|
| SHAWN RYAN COWAN, | CV 12-105-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER, and |
| | FINDINGS AND |
| STATE OF MONTANA, GOVERNMENT, and DEPARTMENTS thereof, | RECOMMENDATION |
| Defendants. | |

_____

## I. INTRODUCTION

Plaintiff Shawn Cowan, proceeding pro se, has filed a Motion to Proceed In Forma Pauperis. Cowan submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Cowan's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Cowan's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Cowan's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Cowan commenced this action seeking relief from what he perceives and characterizes as outrageous and unfair treatment of him by employees of the State of Montana in violation of his various rights. Cowan's allegations indicate he has some unidentified prior criminal conviction imposed against him in the state courts

of Montana, and that he has been harassed and abused in the criminal justice system in Montana beginning as far back as 1992. Cowan identifies some specific examples of his alleged mistreatment, alleging that Defendants unlawfully registered him as a sexual violent predator, revoked his probation and sentenced him to incarceration based on false accusations, wrongfully subjected him to a forced psychological evaluation, and improperly used confidential psychological information in an attempt to re-incarcerate him.

In the caption of his pleading, Cowan identifies only the "State of Montana", "Government", and "Departments thereof" as the named Defendants in this action. In the body of his pleading Cowan lists 127 individuals or entities as a "partial list of Defendants", but he does not describe how any of those individuals were involved in any of the matters plead in Cowan's complaint.

Cowan advances numerous claims for relief. Invoking federal question jurisdiction, Cowan alleges Defendants violated his federal constitutional rights. He also asserts Defendants violated his rights under the Montana Constitution.

For his relief, Cowan requests an order directing the State of Montana to cease the imposition of "all sanctions" against him. Among other things, he requests that the Court intervene and supervise any legal proceedings pending against him in the state courts.

## III. DISCUSSION

Because Cowan is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### A. Eleventh Amendment Immunity

Cowan cannot maintain his legal claims advanced against the only Defendants he identifies in the caption of his pleading. For the reasons discussed, those entities are immune from suit in federal court under the Eleventh Amendment to the United States Constitution.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). "[A]n

4

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Consequently, absent waiver of this Eleventh Amendment immunity, neither a state, nor governmental departments or entities — considered "arms of the state" — may be subject to suit in federal court. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989).

"In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, [a federal court] will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Here, no express waiver of the State of Montana's Eleventh Amendment immunity exists in the law of Montana. Montana's limited waiver of immunity for tort actions in its own courts, as set forth in Article II, Section 18 of Montana's Constitution and Mont. Code Ann. §§ 2-9-101 et seq., does not constitute a waiver of the State's Eleventh Amendment Immunity. *State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) and *Ward v. Montana State Prison*, 2008 WL 564692, *3 (D. Mont. 2008).

Alternatively, a state's immunity can be abrogated by Congress through its enactment of a statute. "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000)).

Cowan's allegations do not identify any Congressional enactment that abrogates the State of Montana's Eleventh Amendment immunity. Liberally construed, Cowan's allegations could be read so as to advance claims against the State of Montana under 42 U.S.C. § 1983 and the United States Constitution. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state or local government official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right. But the Supreme Court has made clear that § 1983 does not abrogate a State's Eleventh Amendment immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65-66 (1989).

In accordance with the foregoing legal authority, the State of Montana, the "Government", and the departments of the State of Montana are immune from suit

in federal court. The Eleventh Amendment bars Cowan's suit against those entities, and they should be dismissed.

### B. Amendment of Complaint

Although the State of Montana and its departments are immune from suit in this Court, since Cowan identifies 127 individuals and other entities as possible additional defendants, it is not clear that Cowan could not cure defects in his complaint by the allegation of additional facts to state a claim for relief under 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. The circumstances surrounding the subject matters raised in Cowan's pleading could possibly lend themselves to a viable claim under section 1983.

Cowan's present allegations, however, fail to state any claim for relief under section 1983. His pleading is defective in several ways making it impossible for the Court to determine if he has any cognizable, viable claim for relief. His Complaint fails to comply with at least two provisions of the Federal Rules of Civil

7

Procedure: Rules 8(a)(2) and 10(b). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Although the rules require only a short and plain statement, to establish liability for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe: (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Here, Cowan's 30-page complaint does not contain short, plain claims for relief. Cowan's lengthy and vague allegations make it impossible for the Court to

determine whether he can state any valid legal claim, or whether his allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds. In sum, Cowan's allegations do not constitute a short and plain statement of the basic facts and grounds showing he is entitled to relief.

Additionally, Cowan has failed to comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This permits the Defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id*.

Based on the foregoing, and in view of Cowan's pro se status, the Court will afford him an opportunity to file an amended complaint. In doing so, Cowan's pleading must comply with Rules 8(a) and 10(b).

**C. <u>Motion for Appointment of Counsel</u>**

Cowan also filed a motion for appointment of counsel to assist him in this case. In support of his motion Cowan states he suffers from disabilities, has no income, and is not sufficiently educated.

A plaintiff does not have a right to the appointment of counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Although the Court has discretionary authority to appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (*see Palmer*, 560 F.3d at 970), such appointment can occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *Palmer*, 560 F.3d at 970.

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)). *See also Palmer*, 560 F.3d at 970.

At this early stage of this lawsuit there is no basis in the record on which the Court could conclude that Cowan has presented exceptional circumstances warranting appointment of counsel. Although Cowan asserts he is disabled, he has not established that he will be unable to sufficiently articulate his claims, and he

also has not demonstrated the requisite likelihood of success on the merits of his claims. Therefore, his motion will be denied.

### D. Discovery Request

Cowan filed a motion requesting the Court require that all information relative to his case be turned over to him. He apparently seeks the Court's assistance in conducting his discovery in this matter.

Discovery is to be conducted by the parties, not the Court, as authorized under the federal discovery rules. *See e.g.* Fed. R. Civ. P. 26, 30, 31, 33, 34, and 36. Should Cowan later experience difficulty obtaining appropriate responses from any party upon whom he has served discovery requests, he may then, under certain circumstances, move for an order compelling defendants to respond to specific discovery requests. *See* Fed. R. Civ. P. 37(a).

Because the Court cannot conduct Cowan's discovery for him, and since he has not presented any basis for an order compelling discovery under Rule 37(a), his motion will be denied.

## IV. CONCLUSION

Based on the foregoing, the Court finds Cowan's Complaint, as presently pled, is subject to dismissal for failure to state a claim on which relief could be

granted. In view of Cowan's pro se status, however, the Court will afford him an opportunity to amend his allegations to cure the defects noted in this Order.

For the reasons stated, IT IS RECOMMENDED that Defendants State of Montana, "Government", and "Departments thereof" be DISMISSED.

IT IS HEREBY ORDERED that Cowan's motion for appointment of counsel, and his motion for the production of discovery information are DENIED.

IT IS FURTHER ORDERED that on or before **September 7, 2012,** Cowan shall file an amended complaint. The Clerk of Court is directed to provide him with the attached form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Cowan's amended complaint shall set forth a short and plain statement of his claims against each individual defendant showing that he is entitled to relief.

At all times during the pendency of this action, Cowan shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Cowan is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also

result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 10th day of August, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge